Mandi A. Vuinovich
Baldwin, Crocker & Rudd, P.C.
P.O. Box 1229
Lander, WY  82520-1229
mj@bcrattorneys.com
ph. (307) 332-3385
fax (307) 332-2507
Attorney for Plaintiff Terryl T. Matt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TERRYL T. MATT, | Civil Action No. _____ |
| Plaintiff, | |
| | COMPLAINT |
| v. | |
| Fort Belknap Indian Community, | |
| Defendant. | |

Plaintiff, Terryl Matt, through her undersigned attorney, alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action commenced under the citizens suit provisions of the Clean Water Act (CWA), §505(a), 33 U.S.C. §1365(a), to remedy past and continuing violations of the CWA by the Fort Belknap Indian Community ("FBIC" or "Tribes") for the unlawful discharge of pollutants, including dredged and fill

material, into waters of the United States, which are located on the Fort Belknap Indian Reservation, Montana, in violation of CWA §301(a), 33 U.S.C. §1311(a).

2. In this action, Plaintiff seeks (1) to enjoin Defendant from discharging, or causing the discharge of, pollutants into waters of the United States without a permit in violation of CWA §301(a), 33 U.S.C. §1311(a); (2) to require Defendant, at their own expense, to restore the damage caused by their CWA violations; (3) to require Defendant to remedy, mitigate and offset harm to public safety and the environment caused by their CWA violations; (4) to require Defendant to pay civil penalties as provided in CWA §309(d), 33 U.S.C. §1319(d); and (5) to require Defendant to pay Plaintiff's costs of litigation, including attorney and expert witness fees pursuant to CWA §505(d), 33 USC §1365(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to CWA §505(a), 33 U.S.C. §1365(a), and 28 U.S.C. §§1331 and 1355.

4. Plaintiff's claims arise under the CWA, 33 U.S.C. §1251 *et seq*. A present, actual and justiciable controversy exists between the parties.

5. Pursuant to CWA §505(b)(1)(B), 33 U.S.C.§1365(b)(1)(B), jurisdiction remains proper as neither the State of Montana nor the Environmental Protection Agency has commenced and is diligently prosecuting a civil action in a

court of the United States or a state to require compliance of the CWA regarding the claims stated herein.

6. Venue is proper in the District of Montana, pursuant to CWA §505(a) and (c), 33 U.S.C. §1365(a) and (c) and 28 U.S.C. §1391(b) and (c) because Defendant FBIC officers, employees, instrumentalities, agents or contractors are located and conduct business in the District. The waters and associated natural resources that are the subject of this action are located in the District. A substantial part of the acts or omissions resulting in the unlawful discharge of pollutants into waters of the United States occurred in the District.

7. The requested relief is proper under 28 U.S.C. §§2201 (declaratory relief) and 2202 (injunctive relief), CWA §505(a) and (d), 33 U.S.C. §1365(a) and (d) (civil penalties, attorney and expert witness fees, and injunctive relief).

8. Pursuant to CWA §505, 33 U.S.C. §1365, on December 17, 2015, Plaintiff provided notice to Defendant that she intended to file a civil action in federal district court against the FBIC for discharging pollutants to White Horse Canyon Creek or unnamed tributaries in violation of the CWA. A copy was served on the United States and the Montana Department of Environmental Quality.

## PARTIES

9. The Plaintiff in this action is Terryl Matt, an enrolled member of the

Assiniboine Tribe of the Fort Belknap Indian Reservation. At all times relevant to the facts alleged in this Complaint, Ms. Matt was and remains a resident of the State of Montana.

10. Plaintiff is a citizen pursuant to CWA §505(g), 33 U.S.C. §1365(g).

11. Plaintiff is the sole owner or co-owner of certain lands and other natural resources associated with White Horse Canyon Creek that have been damaged or otherwise adversely affected by Defendant's CWA violations.

12. The FBIC is a federally recognized Indian Community.

13. The FBIC is a person pursuant to CWA §502(4) and (5), 33 U.S.C. §1362(4) and (5).

14. Defendant includes officers, employees, instrumentalities, agents or contractors of the Fort Belknap Indian Community located on the Fort Belknap Indian Reservation, Montana.

15. The FBIC is a co-owner, along with Plaintiff and others, of a certain parcel of land and other natural resources associated with White Horse Canyon Creek that have been damaged by Defendant's CWA violations.

## VIOLATIONS OF THE CLEAN WATER ACT

16. At all times relevant in this Complaint, Defendant FBIC officers, employees, instrumentalities, agents or contractors, controlled, supervised, directed

or were otherwise responsible for the unlawful discharge of pollutants into waters of the United States at the White Horse Canyon Creek site on the Fort Belknap Indian Reservation.

17. Plaintiff is a land owner with a 1/1 interest in Allotment 751-C; a 1/1 interest in Allotment 751-E; a 1/1 interest in Allotment 752-B; and a 1/2 interest in Allotment 752-C on the Fort Belknap Indian Reservation in Montana. The other 1/2 interest in Allotment 752-C is owned by various owners, including the Fort Belknap Indian Community.

18. The acts complained of herein occurred on, or caused damage to, Plaintiff's lands associated with White Horse Canyon Creek, which is property held in trust by the United States for the benefit of the Plaintiff.

19. Defendant controlled, supervised, directed or was otherwise responsible for the construction and maintenance of a road that crosses, obstructs and impounds White Horse Canyon Creek at or near Allotments 752-B and 752-C on the Fort Belknap Indian Reservation, Montana.

20. White Horse Canyon Creek is a water of the United States.

21. The road blocking the creek is designated by the Bureau of Indian Affairs (BIA) as Route 113, which is located in or near Sections 17 and 20, Township 26 North, Range 25 East, in Blaine County, Montana, within the Fort

Belknap Indian Reservation.

22.     Beginning in August, 2011, and continuing thereafter until present, Defendant used earth-moving equipment to control, supervise, direct or otherwise be responsible for construction and maintenance on Route 113, including by adding large volumes of road base and fill material to the route.

23.     These activities resulted in the deposition of dredged and fill material in and around White Horse Canyon Creek in violation of the CWA.

24.     The Defendant's construction and maintenance activities on Route 113 and in and around White Horse Canyon Creek caused the waterway to jump out of its natural channel and to cross Plaintiff's pasture lands.

25.     Route 113 now acts as a coffer dam that traps White Horse Canyon Creek on the uphill side of Route 113 and prevents the creek from entering its natural riparian corridor.  Deposited dredged and fill material remain in place at the site.

26.     Each day that the dredged and fill material remain at the site constitutes a separate violation of the CWA.

27.     Defendant's activities on Route 113 has and continues to cause harm to the chemical, physical and biological integrity of White Horse Canyon Creek.

28.     The diverted creek has and continues to cause harm to the riparian

area of White Horse Canyon Creek by carving a canyon through the land, causing significant erosion, and causing the deposition of material throughout the area.

29. The above-described activities create harm to public safety.

30. Defendant has engaged in the above-described activities acting with no permits or lawful authorization in violation of the CWA.

31. Unless Defendant is enjoined, it is likely to continue to discharge dredged or fill material into or allow dredged or fill material to remain in and around the White Horse Canyon Creek site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Permanently enjoin Defendant from discharging or causing the discharge of dredged or fill material or other pollutants into White Horse Canyon Creek except in compliance with the CWA;

B. Order Defendant to take measures, at the Defendant's own expense, to complete full restoration of the White Horse Canyon Creek site;

C. Order Defendant to take other appropriate actions to remedy, mitigate and offset the harm to public safety and the environment caused by the CWA violations alleged herein;

D. Order that the Defendant be assessed, pursuant to CWA §309(d),

33 U.S.C. §1319(d), a civil penalty for each day of each violation of CWA;

  E. Order that Plaintiff be awarded costs of litigation, including attorney and expert witness fees, pursuant to CWA §505(d), 33 USC §1365(d); and

  F. Grant the Plaintiff such other relief as the Court may deem just and proper.

  Respectfully submitted,

  DATED this 17th day of May, 2016.

          /s/ Mandi A. Vuinovich
         Mandi A. Vuinovich
         Attorney for Plaintiff Terryl T. Matt